IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL BELGRAVE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-1704 |
| | § | |
| SPLENDORA INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

In this employment discrimination case, Defendant Splendora Independent School District has filed a Motion to Dismiss Plaintiff's EPA Claim for Failure to State a Claim for Which Relief Can Be Granted [Doc. # 8], and Plaintiff has responded [Doc. # 9]. Having reviewed the parties' filings, all matters of record, and the applicable authorities, the Court concludes that Defendant's Motion to Dismiss Plaintiff's EPA Claim should be **denied**.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id*. A claim is legally insufficient under Rule 12(b)(6) "only if there is no set of facts that could be proven consistent with the allegations in the complaint that would entitle

the plaintiff to relief." *Power Ent., Inc. v. Nat'l Football League Prop., Inc.*, 151 F.3d 247, 249 (5th Cir. 1998). The Court must determine whether the complaint states any valid claim for relief in the light most favorable to the plaintiff and with every doubt resolved in the plaintiff's behalf. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

To establish a *prima facie* case under the Equal Pay Act, Plaintiff must show: (1) his employer is subject to the Act; (2) he "performed work in a position requiring equal skill, effort, and responsibility under similar working positions"; and (3) he "was paid less than the employee of the opposite sex providing the basis of comparison." *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993) (citing *Jones v. Flagship Int'l*, 793 F.2d 714, 722-23 (5th Cir. 1986), *cert. denied*, 479 U.S. 1065 (1987)).

Plaintiff was employed at Splendora ISD as an SAC Aide, working in its in-school suspension program, from August 14 until October 17, 2006. He claims that Defendant violated the Equal Pay Act because the person previously in his position, who was a woman, was paid a higher salary and was granted more job privileges than he enjoyed. *See* Plaintiff's Response to Motion to Dismiss EPA Claim [Doc. # 9].

Plaintiff's factual allegations relevant to his Equal Pay Act claim are sufficient to "raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). It is therefore

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's EPA Claim for Failure to State a Claim for which Relief Can Be Granted [Doc. # 8] is **DENIED**.

SIGNED at Houston, Texas this **20th** day of **September, 2007**.

_____
Nancy F. Atlas
United States District Judge